UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GERARDO ANTONIO SANCHEZ-LEYVA,

　　　　　　Petitioner,

　　v.

STEVIE M. KNIGHT,

　　　　　　Respondent.

Civil Action
No. 23-3606 (CPO)

**OPINION**

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies. This dismissal is without prejudice to the filing of a new § 2241 petition, under a new docket number, after Petitioner has exhausted his administrative remedies.

## I.　　BACKGROUND[1]

This case arises from the Bureau of Prison's ("BOP") application of certain credits under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq.* The Petition contains few factual details. Petitioner contends that the BOP is delaying, or refusing to apply, certain credits towards his transfer to prerelease custody. (ECF No. 1, at 6.) He argues that he has earned enough credits such that he was entitled to transfer to prerelease custody on February 23, 2023. (*Id.*) In his Petition, Petitioner acknowledges that he has not attempted to exhaust his administrative remedies as to this

---

[1] The Court will construe the factual allegations in the Petition as true for the purpose of this screening only. The Court has made no findings as to the veracity of Petitioner's allegations.

claim. (*Id.* at 2.)  On July 5, 2023, Petitioner filed the instant Petition under 28 U.S.C. § 2241, challenging the BOP's refusal to apply his alleged FSA credits. (ECF No. 1.)

## II. STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III. DISCUSSION

The Court must address the issue of exhaustion as it appears on the face of the Petition that Petitioner has failed to exhaust his administrative remedies.  Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *E.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Courts require exhaustion for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–

62; *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).  Nevertheless, exhaustion is not required where it would not promote these goals, such as where exhaustion "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm" *Lyons*, 840 F.2d at 205; *see also, e.g.*, *Gambino*, 134 F.3d at 171 (finding that exhaustion is not required where petitioner demonstrates futility).

To determine whether a prisoner has exhausted his administrative remedies, courts look to the agency's applicable grievance procedure and rules, in this case, the BOP. *See Jones v. Bock*, 549 U.S. 199, 218 (2007).  Pursuant to the BOP's administrative remedy program, an inmate must generally attempt to informally resolve the issue by presenting it to staff through a BP-8 form. *See* 28 C.F.R. § 542.13.  If that fails to informally resolve the issue, then the inmate may submit a BP-9 form to the warden. *See* 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the warden's response may appeal to the regional director with a BP-10, and an inmate who is dissatisfied with the regional director's decision may appeal to the general counsel in the central office, through a BP-11. *See* 28 C.F.R. § 542.15(a).  An appeal to the general counsel is the final level of administrative appeal. *Id.*

With those principles in mind, Petitioner concedes that he has not exhausted his administrative remedies and has not attempted to exhaust those remedies. (ECF No. 1, at 2.) Petitioner argues that the administrative remedy process "would be futile" and that "expediency is necessary," because he is "currently beyond the date [he] should have been transferred to" prerelease custody. (*Id.*)

The Court will construe Petitioner's argument as claiming that exhaustion would be futile because he believes that he should be transferred to prerelease custody "before the [administrative remedy] process [may be] completed." *Sutton v. Moser*, No. 19-210, 2019 WL 2743959, at *4 (W.D. Pa. July 1, 2019). "District courts within the Third Circuit have repeatedly rejected the argument that a federal prisoner can be excused from the exhaustion requirement simply because" he is approaching or beyond his anticipated release date. *See id.* (citing *Allah v. Rechtenwald*, No. 15-267, 2016 WL 6081524, *3 (W.D. Pa. Aug. 19, 2016) (listing cases)); *see also, e.g.*, *Sohl v. Warden, FCI Fort Dix*, No. 22-4295, 2023 WL 1794871, at *1–3 (D.N.J. Feb. 7, 2023); *Rosales v. Hollingsworth*, No. 15-3840, 2015 WL 4314572, at *2 (D.N.J. July 14, 2015).

Courts have rejected these time restriction arguments because they allow prisoners to engage in the self-serving strategy of waiting until it is too late to engage in the administrative remedy process, and then argue that there is insufficient time for those remedies to run their course. *E.g.*, *Ortiz v. Zickefoose*, No. 10-6767, 2011 WL 6140741, at *4 (D.N.J. Dec. 8, 2011) (citing cases); *Velez v. Zickefoose,* 2010 WL 5186158 at *3–4 (D.N.J. Dec.15, 2010) ("such self-serving strategy has never been rewarded by the courts with habeas relief").

Further, "Petitioner's case fits squarely within the parameters of the purposes of exhaustion." *Cf. Furando v. Ortiz*, No. 20-3739, 2020 WL 3264161, at *3 (D.N.J. June 17, 2020*).* First, Petitioner does not appear to know why the BOP has refused to apply the FSA credits at issue or, if he knows, he has omitted that information from his Petition. (*See generally* ECF No. 1.) This lack of information shows the need for "Petitioner to attempt to resolve this at the administrative level first" and develop a factual record. *See Chaparro v. Ortiz*, No. 20-5272, 2020 WL 4251479, at *5 (D.N.J. July 24, 2020) (noting the need to develop the factual record when the BOP's efforts are in dispute). "Second, Petitioner could potentially obtain relief from the BOP

without using judicial resources." *Furando*, 2020 WL 3264161, at *3.  Petitioner simply assumes that the BOP will reject his administrative remedies, but the BOP could very well grant Petitioner the relief he seeks. *See Shoup v. Shultz*, No.  09-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009) ("Having no information as to what the decisions of these officials would be, this Court cannot find . . . [that] these decisions would be 'hypothetically illegal,' same as the Court cannot deem the exhaustion process 'futile.'").  Finally, as Petitioner is confident that the BOP has made a mistake, the BOP should have an opportunity to correct its own errors.  Accordingly, for all those reasons, the Court finds that requiring Petitioner to exhaust his administrative remedies would promote the goals of exhaustion, and that exhaustion is not futile in this case.

Further, the Petition does not allege any facts that would permit the Court to find that requiring exhaustion would subject Petitioner to irreparable injury, or any other reason to excuse exhaustion. (*See generally* ECF No. 1.)  Accordingly, the Court will not excuse Petitioner's failure to exhaust, and will dismiss the Petition for his failure to exhaust his administrative remedies.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies.  This dismissal is without prejudice to the filing of a new petition pursuant to 28 U.S.C. § 2241, under a new docket number, after Petitioner has exhausted his administrative remedies.  An appropriate Order follows.

DATED:  August 21, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**